Exhibit A

FILED Dec 06 2016 Bronx County Clerk

Index Number: 803865-2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------- X

ELIEZER LOPEZ and SUHAIL LAUREANO,

                               Plaintiffs,

                   -against-

CITY OF NEW YORK, LUIS LINARES, LUIS
ANGELES, and JOHN DOES ##1-3,

                             Defendants.
---------------------------------------------------------------- X

**SUMMONS**

Index No.

Date Filed: December 6, 2016

Plaintiffs designate Bronx County
as the place of trial.

The basis of venue is:
The county wherein the
the cause of action arose.

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

      In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
         December 6, 2016

                                              ROMANO & KUAN, PLLC

                                              By: Julia P. Kuan
                                              Attorneys for Plaintiffs
                                              600 Fifth Avenue, 10th Floor
                                              New York, New York 10020
                                              (212) 763-5075

FILED Dec 06 2016 Bronx County Clerk

TO:   CITY OF NEW YORK
Corporation Counsel
100 Church Street
New York, New York 10007

LUIS LINARES
NEW YORK CITY POLICE DEPARTMENT
42nd Precinct
830 Washington Avenue
Bronx, New York 10451-4604

LUIS ANGELES
NEW YORK CITY POLICE DEPARTMENT
42nd Precinct
830 Washington Avenue
Bronx, New York 10451-4604

JOHN DOE ##1-3
NEW YORK CITY POLICE DEPARTMENT
42nd Precinct
830 Washington Avenue
Bronx, New York 10451-4604

FILED Dec 06 2016 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- X

ELIEZER LOPEZ and SUHAIL LAUREANO,

                             Plaintiffs,

      -against-

CITY OF NEW YORK, LUIS LINARES, LUIS
ANGELES, and JOHN DOES ##1-3,

                             Defendants.
-------------------------------------------------------------------- X

Index No.

**VERIFIED COMPLAINT**

Date Filed: December 6, 2016

JURY TRIAL DEMANDED

       Plaintiffs ELIEZER LOPEZ and SUHAIL LAUREANO, by their attorneys Romano & Kuan, PLLC complaining of the Defendants, respectfully alleges, upon information and belief as follows:

## PRELIMINARY STATEMENT

       1.     This civil rights action arises from the unjustified excessive force committed by New York City Police Department ("NYPD") officers from the 42nd precinct in the Bronx against plaintiff Eliezer LOPEZ, causing him to sustain catastrophic permanent injuries. Mr. LOPEZ seeks judgment for compensatory and punitive damages against the police officers who caused his injuries and the City of New York ("City"), under *respondeat superior*, for violating of his federal and New York State constitutional rights, assault, battery, excessive force, negligence, deliberate indifference and/or willful conduct.

       2.     Permanently paralyzed from the neck down, Mr. Lopez's care now falls on his wife, Suhail LAUREANO, and five children. Ms. LAUREANO no longer enjoys love, affection, companionship, sexual relations, services and support from her husband. Ms. LAUREANO brings her own claim for loss of consortium against the police officers and the City

FILED Dec 06 2016 Bronx County Clerk

for causing her husband's debilitating injuries.

## JURY DEMAND

3.  Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## JURISDICTION

4.  Within ninety (90) days after the incident, Eliezer LOPEZ filed a notice of claim in writing, which was served upon Defendant CITY through the Comptroller of the City of New York, in accordance with Section 50-e of the General Municipal Law.

5.  Although more than thirty (30) days have elapsed since service of Mr. LOPEZ's notice of claim, Defendant CITY has failed to pay said claim or adjust same.

6.  A 50H hearing has been requested by the City, but has not yet been conducted by the City despite numerous requests by Plaintiff.

7.  This action is commenced within one (1) year and ninety (90) days from December 7, 2015, the date of the incident.

8.  Within one (1) year and ninety (90) days from the date of the incident, Mr. LOPEZ's wife, Suhail LAUREANO, intends to file a petition with the New York State Supreme Court, Bronx County requesting leave to file a late notice of claim *nunc pro tunc* regarding her loss of consortium claim.

## PARTIES

9.  That at all times herein mentioned, Plaintiff Eliezer LOPEZ was and is a resident of the County of Bronx, City and State of New York.

10. That at all times herein mentioned, Plaintiff Suhail LAUREANO was and is legally married to plaintiff LOPEZ and a resident of the County of Bronx, City and State of New York.

11. Defendant CITY OF NEW YORK ("Defendant CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

12. That at all times herein mentioned, Defendant Luis LINARES ("Defendant LINARES") is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD") and the City of New York ("City"). On the date of the incident, December 7, 2015, he was assigned to the 42nd Precinct in Bronx County. Defendant LINARES is being sued herein in his individual capacity.

13. That at all times herein mentioned, Defendant Luis ANGELES ("Defendant ANGELES") is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD") and the City of New York ("City"). On the date of the incident, December 7, 2015, he was assigned to the 42nd Precinct in Bronx County. Defendant ANGELES is being sued herein in his individual capacity.

14. That at all times herein mentioned, Defendants JOHN DOE ##1-3 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department ("NYPD") and the City of New York ("City"). Defendants JOHN DOE ## 1-3, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are being sued herein by the fictitious designation "John Doe," were at all times relevant herein officers, employees, and agents of the NYPD. On the date of the incident, December 7, 2015, they were assigned to precincts within the confines of

New York County. Defendants JOHN DOE ## 1-3 are being sued herein in their individual capacities.

15. At all times relevant herein, Defendants LINARES, ANGELES, and JOHN DOE ## 1-3 ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

## STATEMENT OF FACTS

16. Plaintiffs LOPEZ and LAUREANO were childhood sweethearts, having met when they were fifteen and sixteen years old. At the time of the incident alleged in this Complaint, plaintiffs were thirty-seven and thirty-eight years old. They have five biological children ranging from ages twenty-one to nine. In 2009, Mr. LOPEZ and Ms. LAUREANO were legally married.

17. On December 7, 2015 at approximately 3:00 p.m., Mr. LOPEZ and an acquaintance, Jose Alvarez, were in Crotona Park near Arthur Avenue and Crotona Park North in the Bronx. Suddenly, the Individual Defendants dressed in plainclothes started running towards Mr. LOPEZ and Mr. Alvarez. The Individual Defendants did not have their shields displayed and did not identify themselves as police officers. Plaintiff LOPEZ and Mr. Alvarez ran.

FILED Dec 06 2016 Bronx County Clerk

18.     Mr. LOPEZ was apprehended, upon information and belief by Defendants LINARES and ANGELES, on Crotona Park North near Arthur Avenue across the street from Crotona Park. Mr. LOPEZ had his back against a 36-inch high railing facing Defendants LINARES and ANGELES when they asked him why he ran. Mr. LOPEZ replied in sum and substance that he did not know they were police. In response to that statement, one of the two defendants – who is considerably taller and bigger than Mr. LOPEZ – said in sum and substance, "this is what happens when you run from the cops," and pushed Mr. LOPEZ with great force over the railing.

19.     The other Individual Defendants were present when Mr. LOPEZ was pushed over the railing but did nothing to intervene, prevent, or stop their fellow officers from using such vicious, unjustifiable, and excessive force.

20.     Mr. LOPEZ fell fifteen-feet head first to the ground below, crushing his cervical spine.

21.     Knowing that Mr. LOPEZ was seriously injured, the Individual Defendants further exacerbated Mr. LOPEZ's spinal cord injury by moving and handcuffing him.

22.     Mr. LOPEZ was taken to Jacobi Hospital where he underwent emergency surgery, but the doctors were unable to repair his badly damaged spine. Tragically for Mr. LOPEZ, his wife Ms. LAUREANO, and their children, Mr. LOPEZ has been diagnosed with quadriplegia and is permanently paralyzed from the neck down.

FILED Dec 06 2016 Bronx County Clerk

## FIRST CLAIM FOR RELIEF
### Assault

23. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

24. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff LOPEZ in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to plaintiff LOPEZ, and that such act/s caused apprehension of such contact in the plaintiff LOPEZ.

25. As a result, plaintiff LOPEZ was seriously and permanently injured.

26. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## SECOND CAUSE OF ACTION
### Battery

27. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

28. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff LOPEZ, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

29. As a result, plaintiff LOPEZ was seriously and permanently injured.

FILED Dec 06 2016 Bronx County Clerk

30. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

### THIRD CAUSE OF ACTION
### Negligence

31. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

32. The Individual Defendants, acting within the scope of their employment for the NYPD and defendant CITY were negligent in moving and handcuffing plaintiff LOPEZ after they knew he fell from a height of fifteen-feet and was seriously injured, further exacerbating the injury to his spinal cord.

33. A reasonably prudent person in the Individual Defendants' position would have known that moving someone who had fallen from a height, without taking precautions to protect his spine, would further exacerbate said injuries.

34. As a result, plaintiff LOPEZ was seriously and permanently injured.

### FOURTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

35. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

36. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit, and whom they knew to be unfit, for the performance of police duties on the date of the incident.

37. As a result, plaintiff LOPEZ was seriously and permanently injured.

FILED  Dec 06 2016 Bronx County Clerk

## FIFTH CAUSE OF ACTION
## 42 U.S.C. § 1983/Fourth Amendment

38. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

39. The use of excessive force by Defendants LINARES, ANGELES, and JOHN DOE ##1-3 in grabbing, pushing, and throwing plaintiff LOPEZ from a height of fifteen feet, thereby crushing his spine, was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

40. The failure of each Individual Defendant, who had a duty to intervene, prevent, and stop the other Individual Defendants from unjustifiably grabbing, pushing, and throwing plaintiff LOPEZ from a height of fifteen feet was objectively unreasonable in violation of his rights under the Fourth Amendment to the United States Constitution.

41. As a result of the defendants' conduct, plaintiff LOPEZ was seriously and permanently injured.

## SIXTH CAUSE OF ACTION
## PLAINTIFF LAUREANO'S LOSS OF CONSORTIUM CLAIM

42. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

43. Plaintiff LAUREANO is the legally married spouse of Plaintiff LOPEZ.

44. The use of excessive force by Defendants LINARES, ANGELES, and JOHN DOE ##1-3 in grabbing, pushing, and throwing plaintiff LOPEZ from a height of fifteen feet and each Individual Defendants' failure to intervene, stop or prevent the other Individual Defendants from committing such conduct, caused plaintiff LOPEZ to suffer a burst fracture of his cervical spine, permanently paralyzing him from the neck down.

FILED Dec 06 2016 Bronx County Clerk

45. As a result of the Individual Defendants' assault, battery, and violation of Plaintiff LOPEZ's constitutional rights, plaintiff LAUREANO has lost the support and services of her husband including but not limited to love, companionship, affection, society, sexual relations, solace, financial, and household services.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that judgment be entered as follows:

(A) Compensatory damages against all defendants, jointly and severally, in an amount in excess of the jurisdictional limits of all lower courts of this State to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 6, 2016

ROMANO & KUAN, PLLC

By: Julia P. Kuan, Esq.
Attorneys for Plaintiffs
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5075 (o)
(212) 763-5001 (f)
Julia.kuan@romanoandkuan.com

FILED Dec 06 2016 Bronx County Clerk

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the State of New York, hereby affirms, under penalty of perjury, that the undersigned has read the foregoing Verified Complaint, knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned, and not the plaintiffs, is that plaintiffs reside in a county other than that in which affirmant maintains her offices.

Julia F. Kuan, Esq.