

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | RACHEL SELIGMAN WEISS<br>Senior Counsel<br>Telephone: (212) 356-2422<br>Fax: (212) 788-9776<br>rseligma@law.nyc.gov |
|---|---|---|

March 7, 2017

**BY ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Eliezer Lopez, et al. v. City of New York, et al.</u>,
                17 CV 00181 (LAP)

Your Honor:

        This office represents the defendant City of New York in the above referenced action. For the reasons set forth herein, I write, with plaintiffs' counsel's consent, to respectfully request an extension of time until April 14, 2017 to Answer or otherwise respond to plaintiffs' complaint. In addition, the parties respectfully request that, in the event that this case has been designated as part of the Plan for Certain §1983 Cases Against the City of New York ("the Plan,"), *see also* Local Civil Rule 83.10, this case be exempted from the Plan given the nature of plaintiffs' allegations.

        Plaintiffs are a husband (Eliezer Lopez) and wife (Suhail Laureano). Plaintiff Lopez alleges that on December 7, 2015, he was chased by plain-clothes NYPD officers in the vicinity of Crotona Park and Arthur Avenue. When the officers finally apprehended plaintiff, he had his back against a 36-inch high railing, and plaintiff claims that the officers, without cause or justification, pushed him over the railing. According to the complaint, Plaintiff Lopez fell fifteen-feet "head first" to the ground below, crushing his cervical spine. As a result, plaintiff claims that he has been diagnosed with quadriplegia and is permanently paralyzed from the neck down. Plaintiff Laureano alleges that, as a result of the incident, she "no longer enjoys love, affection, companionship, sexual relations, services, and support from her husband," and that she is primarily responsible for his care.

        Plaintiffs initially commenced this action in the Supreme Court of the State of New York, Bronx County. On or about January 4, 2017, defendant City filed an Answer to plaintiffs' Complaint. On or about January 10, 2017, defendant City of New York, with the consent of the two individually named police officer defendants, filed a Notice of Removal to this Court which was subsequently granted.

   Additional time is needed for the undersigned, who was very recently assigned to this matter, to familiarize myself with the relevant documents obtained to date.  Although some of the documents relevant to the incident have been received, based on my preliminary review of the file, there are many documents still needed. For example, as discussed with plaintiffs' counsel, HIPAA compliant medial releases are needed for this office to obtain Plaintiff Lopez's medical records, including the very ones from the incident in question.

   An enlargement of time will also enable this office to resolve representation with the two individually named defendants, Police Officers Luis Linares and Luis Angeles. Upon information and belief, the individual NYPD defendants appear to have been served with process on or about December 30, 2016, and early January 2017.  Granting this extension would allow this office time to make a decision concerning the representation of all individual defendants. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Accordingly, it is respectfully requested that the Court grant the individual defendants until April 14, 2017, to answer or otherwise respond to the Complaint.

   Finally, even though there is no notation on the civil docket sheet, it appears that this case is eligible for inclusion in the Plan. The parties have discussed whether we believe this case should proceed in the Plan, however, given the nature of plaintiffs' allegations, we believe that this case should be removed (if even included in the first instance).  The parties still intend to discuss settlement early on once all of the relevant NYPD documents and medical records have been received even if removed from the Plan.

   Accordingly, defendant City of New York respectfully request an enlargement of time until April 14, 2017 to Answer or otherwise respond to the complaint on behalf of the two individually named police officer defendants and that this case be exempted from the Plan. Thank you for your consideration of these requests.


                  Respectfully submitted,


                  Rachel Seligman Weiss
                  Senior Counsel

cc:  Julia Kuan. Esq.