

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP DePAUL**
*Senior Counsel*
Phone: (212) 356-2413
Fax: (212) 356-3509
prdepaul@law.nyc.gov

March 3, 2021

**BY ECF**
Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Suhail Laureano v. City of New York, et ano.
       17 CV 181 (LAP)

Your Honor:

  Defendants write to address several issues raised during the oral argument on Defendants' Motions *In Limine*, which took place on February 24, 2021.

I. <u>Defendants' Proposal for Introducing Evidence of Eliezer Lopez's Perjured Deposition Testimony</u>

  The Court instructed defendants to submit a proposal for the presentation of evidence regarding Eliezer Lopez's perjured deposition testimony at trial. Defendants propose the following:

  (1) First, defendants will prepare a brief statement setting forth each of Mr. Lopez's four felony convictions obtained by guilty plea, including: (i) the date of conviction; (ii) the charge of which Lopez was convicted; (iii) the fact that Lopez pled guilty; (iv) and the fact that the conviction was for a felony or, as appropriate, a violent felony. Defendants propose that Your Honor read this statement to the jury.

  (2) The relevant portion(s) of Mr. Lopez's deposition testimony, as identified by defendants in support of their argument that Lopez demonstrably lied during his deposition, will be entered into the record by whichever method Your Honor deems most reasonable. <u>See</u> Point II, <u>infra</u>.

(3) Defense counsel will then argue, during their presentation of their case, including but not limited to their opening statement and summation, that those specific portions of Mr. Lopez's deposition testimony demonstrate that Mr. Lopez lied under oath.

Plaintiff's Position

Defendants' proposal is inconsistent with Federal Rule of Evidence 608(b) and does not establish that Mr. Lopez "lied" or "committed perjury" about any of his convictions.

*First*, Defendants' proposal comprehends the admission of extrinsic evidence that is categorically inadmissible under Federal Rule of Evidence 608(b)—the rule under which Defendants seek to admit this evidence. *See* Defs. Reply to MIL 9, ECF No. 116, at 2-3; Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."). The bar on extrinsic evidence under Rule 608(b) is an "absolute prohibition." Fed. R. Evid. 608(b), Committee Notes on Rules (2003 Amendment). Defendants seek to admit four facts about each of Mr. Lopez's felony convictions, not through Mr. Lopez's deposition testimony (where this evidence was not elucidated), but request Your Honor read the information about his convictions to the jury. Plaintiff strongly objects to Your Honor reading these facts into the record on prejudice and foundation grounds, but notwithstanding the form in which Defendants seek to introduce this evidence, Rule 608(b) prohibit Defendants from proving facts about Mr. Lopez's felony convictions with extrinsic evidence.

*Second*, with or without Defendants' improper extrinsic evidence, none of the deposition testimony cited by Defendants establishes that Mr. Lopez lied or committed perjury about the conduct underlying any of his felony convictions. *See* Pl. Opp to MIL 9, ECF No. 102. In particular, Mr. Lopez's statement that he paid for the items in question does not contradict his guilty plea to Attempted Robbery in the Third Degree because a plea to *attempt* does not establish that Mr. Lopez took any property at all. Moreover, a claim of right to property, which can reasonably be inferred from Mr. Lopez's testimony, is not a defense to robbery in New York. *See People v. Green*, 5 N.Y.3d 538 (2005); *People v. Reid*, 69 N.Y.2d 469 (1987). Therefore, Mr. Lopez's testimony that he paid for the items is not inconsistent with his guilty plea to Attempted Robbery in the Third Degree.

II. The Parties' Positions Regarding the Cropping of the Videotaped Deposition

Defendants' Position

The Court has asked the parties to confirm whether it would be technologically possible to crop this video closely to Mr. Lopez's face. While this is technologically possible, even if the video were cropped closely such that only Mr. Lopez's face was visible, it would still be obvious to the jury that Lopez was lying down during the deposition. The angle of the camera, which is off to one side of Mr. Lopez as opposed to straight in front of him as would be the normal course were he in a seated position, as well as the fact Lopez's head is slightly askew, gives away the fact that Lopez is lying on his back. In addition, Mr. Lopez appears extremely stiff, unable to move his head and exhibits visible difficulty speaking at times, all making it even more apparent that he is suffering from serious injury. A tracheotomy tube is visible. The jury's

inevitable awareness that Mr. Lopez was suffering severe, life-altering damages at the time of his deposition, combined with the fact that the jury will learn that Mr. Lopez is now deceased, will result in substantial prejudice to defendants during the liability phase of this bifurcated trial. To avoid such irreparable prejudice, defendants propose that only the audio of Mr. Lopez's deposition testimony be played for the jury, which will permit jurors to assess Lopez's credibility based on his vocal responses to counsel's questioning.

Plaintiff's Position

On the narrow question the Court asked the parties to address, Plaintiff agrees that it is technologically possible to crop the video. However, Defendants' attempt to rehash its arguments about excluding the video ignores its enormous probative value on credibility, the central issue in this case, and greatly overstates its potential prejudicial impact. Mr. Lopez shows no signs of duress or pain in the video, and there is no swelling, scarring, bleeding, or other "heart-rending" injury visible on his body. Contrary to Defendants' claim, no tracheotomy tube or other "hospital machine" is visible in the video. Plaintiff likewise disputes that Mr. Lopez exhibits difficulty speaking beyond any ordinary deponent testifying under oath. The jury will have the opportunity to observe Officer Linares' demeanor when he testifies in court. It should have the same opportunity to observe Mr. Lopez's demeanor in the video. Finally, Plaintiff requests that the Court permit her to show Mr. Lopez's deposition video "as is" since, as previously stated, nothing about the video is unduly prejudicial to defendants and cropping it to only show Mr. Lopez's head would confuse and distract the jury by showing him at an unusually zoomed-in angle.

III.   Proposed New Trial Dates

The parties have conferred and are available for trial on any date suitable to the Court in September or October 2021. If the Court is inclined to adjourn the trial, the parties request a corresponding adjournment of (1) the March 10, 2021 deadline to submit the parties' requests to charge and voir dire questions; and (2) the March 17, 2021 final pretrial conference.

Thank you for your consideration herein.

Respectfully submitted,

*s/ Philip R. DePaul*

Philip R. DePaul
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel (by ECF)

```
Trial in this matter is adjourned to September 20, 2021.  The final
pretrial conference scheduled for March 17, 2021 is adjourned to
September 1, 2021 at 9:00 a.m.  The parties shall submit requests to
charge and proposed voir dire questions one week in advance of the
new trial date.  The parties' other positions outlined above will be
considered alongside the pending motions in limine.
SO ORDERED.
                                Dated:    March 5, 2021
                                          New York, New York
```

_____
LORETTA A. PRESKA, U.S.D.J.

- 3 -